# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

<table>
<tr><td>Plaintiff,</td><td>**MEMORANDUM OPINION**</td></tr>
<tr><td>v.</td><td>**AND ORDER**</td></tr>
</table>

Criminal No. 20-195 ADM/BRT
Civil No. 23-2294 ADM

Maurice Antonio Owen,

Defendant.

_____

William C. Mattessich, Assistant United States Attorneys, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Maurice Antonio Owen, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Maurice Antonio Owen's ("Owen") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 112] ("2255 Motion").[1]  For the reasons stated below, the 2255 Motion is denied.

## II.  BACKGROUND

In April 2021, Owen entered a plea of guilty to being a felon in possession of a firearm. Min. Entry [Docket No. 50]; Plea Agreement [Docket No. 51].  The Government sought a sentence of 188 months based on its view that Owen was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The ACCA carries a fifteen-year mandatory minimum sentence for anyone who possesses a firearm as a felon and has "three previous convictions . . . for a violent felony or a serious drug offense."  18 U.S.C.

_____

[1] All citations are to the criminal case docket.

§ 924(e)(1).  The Government argued that Owen had four previous convictions that qualified as predicate offenses under the ACCA, including two prior convictions for selling cocaine in Minnesota in violation of Minn. Stat. § 152.023 subd. 1(1).  Owen disagreed, arguing that the two Minnesota drug sale convictions were not "serious drug offense[s]" under the ACCA because the definition of "cocaine" under Minnesota law swept more broadly than the definition under federal law.  Owen requested a sentence of 72 months.

On November 16, 2021, the Court held a sentencing hearing and heard argument on whether the ACCA applied.  The Court agreed with Owen that his Minnesota drug sale convictions did not count as "serious drug offense[s]" under the ACCA.  Based on this ruling, Owen's applicable sentencing guidelines range was 110 to 120 months.  Sentencing Tr. [Docket No. 84] at 25-26.  The Court sentenced Owen to a term of 120 months.  Sentencing J. [Docket No. 79].

The Government appealed the sentence, arguing that the Court should have applied the enhanced penalties of the ACCA.  See Notice Appeal [Docket No. 90].  Owen's counsel continued to represent Owen during the Government's appeal.  Richman Aff. [Docket No. 129, Attach. 1] ¶ 6.  Owen did not file an appeal of his own.  On October 19, 2022, the Eighth Circuit Court of Appeals ruled in Owen's favor and affirmed this Court's Judgment.  See United States v. Owen, 51 F.4th 292 (8th Cir. 2022).

In March 2023, Owen filed a pro se motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a)(1).  Mot. Correct Sentence [Docket No. 102].  He argued that his sentence exceeded the maximum term authorized by statute.  The Court denied the motion

2

because it was untimely and failed on the merits.  Order Denying Mot. Am. Sentence [Docket No. 103].

Owen now moves to vacate his sentence under 18 U.S.C. § 2255, claiming that he received ineffective assistance of counsel.  Mot. at 1-4.  In Ground One, Owen alleges that he asked his attorney to file an appeal and that his attorney failed to do so.  Mot. at 3.  In Ground Two, Owen alleges that his counsel allowed him to plead guilty without challenging the criminal history calculation used for his sentence.  Id. at 4.

### III.  DISCUSSION

**A.  Legal Standards**

**1.  28 U.S.C. § 2255**

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice."  Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

**2.  Ineffective Assistance of Counsel**

"To establish ineffective assistance of counsel within the context of section 2255 . . . a movant faces a heavy burden."  Apfel, 97 F.3d at 1076.  A defendant must show that "(1) his attorney's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance."

3

Pierce v. United States, 686 F.3d 529, 531 (8th Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668 (1984)).

To satisfy the deficient performance prong of this two-part test, a defendant must show that counsel's errors were not the result of "reasonable professional judgment." Strickland, 466 U.S. at 690. In doing so, the defendant runs up against a strong presumption "that counsel . . . rendered adequate assistance." Id. To meet the prejudice prong, the defendant must prove, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### B.  Owen's Claims

#### 1.  Ground One

Owen claims that his attorney failed to file a notice of appeal. An attorney's failure to file a notice of appeal after being instructed by the client constitutes ineffective assistance of counsel for purposes of § 2255. Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). No showing of prejudice or likely success on appeal is required. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000).

To succeed on such a claim, however, Owen "must show that [he] instructed [his] counsel to file an appeal." Id. A "bare assertion" that he made the request "is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Id.; see also Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) (stating that a defendant's "single, self-serving, self-contradicting statement is insufficient" to warrant an evidentiary hearing on the issue of whether the defendant instructed his counsel to file an appeal).

Here, Owen has submitted an affidavit stating that he requested his attorney to file an appeal "[b]oth prior to the appeal by the government and after [the government's appeal] was decided." Def. Aff. [Docket No. 133]. Owen provides no details or corroborating evidence to support this bare assertion. The only evidence proffered by Owen is a portion of the sentencing transcript in which his counsel "note[s] our objection that the sentence is substantively unreasonable, and the Court's statement of reasons was procedurally defective." Sentencing Tr. at 35. This statement does not document any request by Owen to appeal. Rather, as his attorney specified at the sentencing hearing, the statement was made "[t]o preserve Mr. Owen's appeal rights." Id.

Owen's claim is also undermined by the record in this case. Owen received a favorable, non-ACCA sentence based on a relatively untested theory of law. It is unlikely that Owen would have wanted to appeal the sentence given the risk that the Court of Appeals could find he was ACCA eligible after all. It is also doubtful that Owen would have allowed the same attorney to continue representing him for almost two years throughout the Government's appeal, while purportedly knowing that his counsel had failed to exercise the appeal rights that had been preserved at sentencing.

Owen's attorney has submitted an affidavit that contradicts Owen's claim. See Richman Aff. [Docket No. 129, Attach. 1]. In the affidavit, counsel avers that he met with Owen after sentencing to review the sentence and discuss his right to appeal. Id. ¶ 4. He told Owen that he had a right to appeal, but that there was "nothing to appeal" because the sentence was within the applicable guideline range and was not erroneous. Id. Counsel avers that Owen was "very

happy with the sentence he received since he had been very concerned that he could be sentenced to 15 years or more." Id. Counsel also avers that Owen never asked him to appeal his sentence, and that counsel would have promptly filed a notice of appeal had Owen asked him to do so. Id. ¶ 5.

Counsel further avers that he kept Owen apprised of the Government's appeal and wrote to him on October 19, 2022 to inform him that he had won the appeal and that his sentence would "stand as it is." Id. ¶ 7. Counsel states that Owen never responded to these updates by asking about his own appeal. Id. ¶¶ 6-7.

Nothing in the record supports Owen's bare assertion that he instructed his attorney to file an appeal, and the credible affidavit of his attorney indicates that the opposite is true. Accordingly, Ground One is denied.

### 2. Ground Two

Owen also argues that his counsel was ineffective in failing to challenge his sentencing guidelines calculation. Owen claims that his sentence was substantively unreasonable because it was based on a flawed calculation of his criminal history. However, Owen provides no specific allegations of faulty calculations or past convictions that should not have been included in his criminal history. Nor does Owen describe the "changes in the law" that led to a sentencing error. Mot. at 4. He also fails to provide an alternative calculation of his criminal history that his lawyer should have pursued.

Without specifying the error in his criminal history calculation, Owen cannot prove ineffective assistance from his attorney. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) ("[T]he principle of liberal construction will not save [a pro se petitioner's] pleadings

if they are based on conclusory or non specific factual allegations.").  As such, Owen has failed

to satisfy the deficient performance prong of the Strickland test.  Ground Two is denied.

## IV.  EVIDENTIARY HEARING

An evidentiary hearing is not warranted, as the 2255 Motion and the files and record in

this case conclusively show that Owen is not entitled to § 2255 relief.  28 U.S.C. § 2255(b); Noe

v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

## V.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a

substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v.

Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it

unlikely that another court would decide the issues raised by this § 2255 Motion differently, or

that any of the issues raised by Owen's § 2255 Motion would be debatable among reasonable

jurists. Thus, the Court declines to grant a certificate of appealability.

## VI.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant Maurice Antonio Owen's Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 112] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery

Dated:  March 27, 2024                     ANN D. MONTGOMERY
                                                              U.S. DISTRICT COURT

7